UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61956-CIV-ROSENBAUM

FAIRLANE FINANCIAL CORPORATION,

        Plaintiff,

v.

WEALTHVEST MARKETING, INC.,
AXIS MARKETING, PLLC, and
BRADFORD LATTA,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order (the "Emergency Motion") [D.E. 4]. The Court has carefully considered Plaintiff's Motion and is otherwise fully advised in the premises.

On October 3, 2012, Plaintiff filed its Complaint against Defendants [D.E. 1], along with the Emergency Motion [D.E. 4], a Motion for Preliminary Injunction [D.E. 5], and a Motion for Expedited Discovery [D.E. 6]. The Complaint, the Emergency Motion, and the additional motions do not include certificates of service, nor does the record otherwise indicate that they have been served on Defendants.

Rule 65, Fed. R. Civ. P., governs the issuance of preliminary injunctions and temporary restraining orders. In order for a court to issue a preliminary injunction, notice must be given to the adverse party. Fed. R. Civ. P. 65(a)(1). Under Rule 65(b)(1), however, a court may issue a

temporary restraining order without notice to the adverse party or its attorney, but may do so only if the moving party meets both of these conditions:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiff's Emergency Motion requests a temporary restraining order but includes no certificate of service or any other indication that Plaintiff has provided notice of the relief that it seeks. Without the notice required by Rule 65(a)(1), a preliminary injunction is unavailable.

Alternatively, if Plaintiff is actually seeking an *ex parte* temporary restraining order under Rule 65(b), it has failed to meet both requirements under Rule 65(b)(1) as outlined above. Plaintiff has stated that its Emergency Motion is "made on the grounds that immediate and irreparable loss, damage and injury will result to Fairlane unless Defendants are forced to return Fairlane's client list. *See* D.E. 4 at ¶ 4. Plaintiff has not, however, adduced any specific facts indicating that an immediate and irreparable harm will result to it *before* Defendants are given notice and can be heard in opposition. In their Emergency Motion, Plaintiff elaborates slightly, indicating that its trade-secret-protected client lists and agent data have "been misappropriated by competitors, and Fairlane can only speculate as to its damages at this time." *See id*. at 19. But Plaintiff fails to demonstrate how providing notice to Defendants will result in any more harm to it than not doing so.

Further, even if the Emergency Motion were sufficient under Rule 65(b)(1)(A), Plaintiff's counsel has not certified any efforts to give notice nor provided the reasons why notice should not be required under Rule 65(b)(1)(B). For this reason, an *ex parte* temporary restraining order cannot

be issued on the basis of Plaintiff's Emergency Motion.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Emergency Motion for Temporary Restraining Order [D.E. 4] is **DENIED WITHOUT PREJUDICE**. Should Plaintiff satisfactorily comply with Rule 65(a)(1), Fed. R. Civ. P., the Court will consider its Motion anew. Alternatively, Plaintiff may seek to convert its Motion into an *ex parte* motion for a temporary restraining order by a notice complying with the provisions of Rule 65(b)(1), Fed. R. Civ. P.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 3rd day of October 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record